E-filed 11/23/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAIDONG CHEN, et al.,

Plaintiffs,

v.

FLEETCOR TECHNOLOGIES INC.,

Defendant.

Case No.16-cv-00135-LHK   (HRL)

**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #1**

Re: Dkt. No. 47

Plaintiffs Naidong Chen and Fnu Manindra ("Plaintiffs") have brought five claims against defendant FleetCor Technologies, Inc. ("FleetCor"), each related to FleetCor's alleged failure to allow Plaintiffs' stock options to vest. Dkt. No. 1, Ex. A, at ¶ 1. In the parties' first discovery dispute joint report, Plaintiffs seek an order compelling the deposition of FleetCor's CEO. Dkt. No. 47. For the reasons below, the court compels the deposition.

## BACKGROUND

Plaintiffs became employees of FleetCor in 2013. Dkt. No. 47, at 3. FleetCor's offer of employment included stock options that would vest based on performance. Dkt. No. 1, Ex. A, at ¶ 2. Plaintiffs allege that FleetCor was contractually committed "to communicate the performance criteria [by which the options would vest] to each plaintiff," but that FleetCor, despite the representations of some of its employees, never developed performance criteria and concealed its intentions about the stock options. *Id.* at ¶¶ 2-3. After the first year of Plaintiffs' employment, FleetCor allowed only 25% of the stock options to vest, and Plaintiffs allege that former Executive Vice President Jeff Lamb falsely represented at that time that the rest of the options would vest one year later. *Id.* at ¶ 6-7. Plaintiffs ultimately sued FleetCor, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, common count—services rendered, concealment, and negligent misrepresentation. *Id.* at ¶¶ 26-30.

1	Prior to filing this discovery dispute joint report, Plaintiffs deposed FleetCor's CIO; Vice
2	President of Human Resources, Crystal Williams; and former Executive Vice President for New
3	Products, Jeff Lamb. Dkt. No. 47, at 2. Plaintiffs also sought to depose FleetCor's CEO, Ronald
4	Clarke ("Clarke"), and two members of the Board of Directors. FleetCor objected to the latter
5	three depositions, however, and Plaintiffs dropped their requests to depose the Board members
6	after taking the depositions of the other FleetCor employees. *Id.*

7	In the current discovery dispute joint report, Plaintiffs seek a court order compelling
8	Clarke's deposition. Plaintiffs contend that Clarke has first-hand, unique knowledge relevant to
9	six specific factual issues: (1) the meaning of language in Plaintiffs' employment letters regarding
10	the grant of performance-based stock options; (2) the recommendation to the Board of Directors to
11	grant performance-based stock options; (3) the decision to vest only 25% of the stock options after
12	the first year; (4) the decision not to create additional vesting criteria in the second and third years;
13	(5) information provided by Clarke to lower-level employees "such that their statements to
14	Plaintiffs, or omissions from Plaintiffs, could give rise to causes of action for negligent
15	representation or concealment," and (6) information about Plaintiffs' performance. *Id.* at 6-8.
16	FleetCor responds that Clarke's testimony would duplicate testimony from lower-level employees
17	who have already been deposed, particularly Jeff Lamb and Crystal Williams, and that the court
18	should permit Plaintiffs to depose Clarke with written questions pursuant to Federal Rule of Civil
19	Procedure 31 rather than require an oral deposition. *Id.* at 6-10.

20	**DISCUSSION**

21	Parties seeking to prevent a deposition carry "a heavy burden to show why discovery
22	should be denied." *In re Google Litig.*, No. C 08-03172 RMW (PSG), 2011 WL 4985279, at *2
23	(N.D. Cal., Oct. 19, 2011) (quoting *Websidestory, Inc. v. Netratings, Inc.*, C06-408, 2007 WL
24	1120567, at *2 (S.D. Cal., Apr. 6, 2007)). "Absent extraordinary circumstances, it is very unusual
25	for a court to prohibit the taking of a deposition." *Id.* At the same time, so-called "apex"
26	depositions of high-level corporate or government officials present a "tremendous potential for
27	abuse or harassment," and courts have been willing to limit discovery in some instances. *Celerity,*
28	*Inc. v. Ultra Clean Holdings, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295 (N.D.

Cal. Jan. 25, 2007). In determining whether to allow an apex deposition, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google Litig.*, 2011 WL 4985279, at *2. The apex witness's busy schedule or claimed lack of knowledge will not, alone, preclude a deposition. *Id.* "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.*

Two cases are particularly instructive here. In the first case, *In Re National Western Life Insurance Deferred Annuities Litigation*, the court allowed an apex deposition where the plaintiffs had deposed lower-level employees whose testimony suggested that the apex deponent had relevant knowledge. No. 05-CV-1018-ABJ (WVG), 2011 WL 1304587, at *3 (S.D. Cal., Apr. 6, 2011). The court was not persuaded by defendant's arguments that the apex deponent lacked unique knowledge, saying, "that is something Plaintiffs are entitled to explore and discover on their own." *Id.* In the second case, the court similarly permitted an apex deposition where testimony from a lower-level employee indicated that the CEO had first-hand knowledge of relevant facts, even though the defendant argued that the CEO's testimony would duplicate that of a previously deposed lower-level employee. *Kennedy v. Jackson Nat'l Life Ins. Co.*, No. C 07-0371 CW (MEJ), 2010 WL 1644966 (N.D. Cal., Apr. 22, 2010). "Just because another witness has testified regarding the same facts," the court stated, "does not mean such testimony would be repetitive." *Id.* at *2. A lower-level employee's suggestion that the CEO had relevant first-hand knowledge strongly influenced the court's decision. *Id.* ("Courts will usually not permit an apex deposition to go forward where lower level employees with more intimate knowledge of the case have not yet been deposed. . . . But, where the testimony of lower level employees indicates that the apex deponent may have some relevant personal knowledge, the party seeking protection will not likely meet the high burden necessary to warrant a protective order.").

Here, Plaintiffs have done their homework by first deposing lower-level employees and serving requests for production of documents, Plaintiffs assert that lower-level employee depositions suggest that Clarke has relevant knowledge, and FleetCor has not met its burden of

3

showing that Clarke lacks unique first-hand knowledge of relevant facts. Plaintiffs allege that Clarke was the final decision-maker regarding many issues relevant to their claims. Though FleetCor asserts that Clarke would not provide any new information that has not already been provided by Lamb and Williams, Plaintiffs assert that these two employees state that Clarke was ultimately responsible for approving Plaintiffs' employment offers and recommending to the Board a course of action regarding granting and vesting stock options. Dkt. No. 47, at 6-8. Plaintiffs also assert that Clarke has first-hand knowledge of the information he provided to Lamb and Williams that is relevant to Plaintiffs' negligent misrepresentation and concealment claims. *Id.* at 8. Though the parties disagree about whether Clarke's information will be repetitive, since Plaintiffs have shown that Clarke has first-hand relevant knowledge, whether the information is repetitive "is something Plaintiffs are entitled to explore and discover on their own." *In Re Nat'l W. Life Ins. Deferred Annuities Litig., 2*011 WL 1304587, at *3.

The court thus compels FleetCor to make Clarke available for a three-hour deposition on a mutually convenient date prior to or including December 12, 2016. The court declines to order FleetCor to reimburse Plaintiffs' expenses incurred in traveling for this deposition.

**IT IS SO ORDERED.**

Dated: 11/23/2016

HOWARD R. LLOYD
United States Magistrate Judge