United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAIDONG CHEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES INC.,<br><br>Defendant. | Case No. 16-CV-00135-LHK<br><br>**ORDER RE: PLAINTIFFS' MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 77, 78, 79, 80, 81 |

Having considered the parties' briefing, the relevant law, the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Plaintiffs' motions in limine as follows:

| **MIL** | **Ruling** |
|---|---|
| **Plaintiffs' MIL #1 (ECF No. 77)**: Motions to Exclude Evidence of "comparative fault, contributory negligence, set off or some variant of one of those three doctrines." | Plaintiffs' Motion in Limine #1 is GRANTED as to the affirmative defenses of comparative fault, contributory negligence, and set off or offset. However, Plaintiffs' Motion in Limine #1 is DENIED to the extent it seeks to exclude evidence relevant to whether Plaintiffs did not satisfy their contractual obligations, did not reasonable rely on Defendant's alleged fraudulent concealment, and failed to mitigate damages. |

1
Case No. 16-CV-00135-LHK
ORDER RE: PLAINTIFFS' MOTIONS IN LIMINE

| | |
|---|---|
| **Plaintiffs' MIL # 2 (ECF No. 78)**: Motion to exclude evidence that employees were not acting in the scope of their employment | Plaintiffs' Motion in Limine #2 is DENIED as to evidence showing that employee statements were not made in the scope of employment. However, Plaintiffs' Motion in Limine #2 is GRANTED as to evidence that no one's actions except the Compensation Committee of the Board of Directors could be attributed to Defendant through respondeat superior. The standard described in CACI 3720 is the relevant standard to determine whether the individuals at issue here were acting in the scope of employment for the purposes of respondeat superior. *White v. Ultramar* contains the relevant standard for determining whether the employees' acts are attributable to Defendant for the purposes of punitive damages. |
| **Plaintiffs' MIL #3 (ECF No. 79)**: Motion to introduce evidence of Defendant's financial condition | Plaintiffs' Motion in Limine #3 is GRANTED to the extent it seeks to introduce evidence of Defendant's financial status for the purposes of punitive damages, reasonable reliance, and failure to mitigate. With respect to reasonable reliance, Plaintiffs may only introduce evidence on which Plaintiffs actually knew and relied on when deciding to remain employees of Defendant. Plaintiffs' Motion in Limine #3 is DENIED to the extent Plaintiffs seek to introduce evidence of Defendant's financial condition to show expectation damages because expectation damages may not be awarded in the instant case. |
| **Plaintiffs' MIL #4 (ECF No. 80):** Motion to Conclusively establish facts under Cal. Evid. Code § 623 | Plaintiffs' Motion in Limine #4 is DENIED because California Civil Code § 623 cannot be used to establish facts by estoppel offensively. |
| **Plaintiffs' MIL #5 (ECF No. 81):** Motion to introduce evidence of benefit of the bargain or expectation damages | At summary judgment, the Court found that the breach of contract cause of action was limited to a breach of an agreement to agree under *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251 (2002). *Copeland* limits damages for an agreement to agree to reliance damages. Plaintiffs argue that the implied covenant of good faith and fair dealing prevents a party to an agreement to agree from acting in bad faith to eliminate the benefits of the contract. However, to the extent the benefits of the contract involve solely an agreement to agree, *Copeland* limits an implied covenant of good faith and fair dealing cause of action's damages to reliance damages. Here, Plaintiffs argue that the contract in dispute provides benefits beyond an agreement to agree. However, that contradicts the Court's summary judgment ruling. Moreover, the benefit of the bargain or expectation damages in this case would be too speculative because the parol evidence proposed by Plaintiffs does not eliminate the specific contractual language that states that the stock options are performance stock options. Plaintiffs' proposed benefit of the bargain or expectation damages would require speculation as to what the performance criteria would have been if such performance criteria had been |

2

> established, and whether the performance criteria would have been met. Such a measure of damages is too speculative because it interferes with "an employer's inherent authority to manage its enterprise." *Scott v. Pac. Gas & Elec. Co.*, 11 Cal. 4th 454, 473 (1995), *disapproved on other grounds by Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 352 n.17 (2000). Instead, reliance damages are the appropriate measure of damages for Plaintiffs' implied covenant of good faith and fair dealing cause of action.
>
> With respect to the fraudulent concealment cause of action, Plaintiffs have not shown a causal connection between the alleged fraudulent concealment and the award of expectation damages. Absent the alleged concealment, it would be speculative to say that Plaintiffs would have been able to force Defendant to establish performance criteria that would have caused all of the options to vest. Instead, the appropriate measure of damages is reliance damages.
>
> Accordingly, Plaintiffs' Motion in Limine #5 seeking to introduce evidence of benefit of the bargain or expectation damages is DENIED.

**IT IS SO ORDERED.**

Dated: May 4, 2017

_____
LUCY H. KOH
United States District Judge