United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAIDONG CHEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES INC.,<br><br>    Defendant. | Case No. 16-CV-00135-LHK<br><br>**ORDER RE: DEFENDANT'S MOTIONS IN LIMINE AND MOTION TO BIFURCATE PUNITIVE DAMAGES**<br><br>Re: Dkt. Nos. 83, 91, 90, 93, 86, 88, 89, 84, 85, 92 |

Having considered the parties' briefing, the relevant law, the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Defendant's motions in limine as follows:

| Motion in Limine | Ruling |
|---|---|
| **Defendant's MIL #1 (ECF No. 83):** Motion to exclude evidence of the compensation of other employees | Defendant's MIL #1 is DENIED because employee compensation may be relevant to (1) show reasonable reliance on Defendant's fraudulent concealment to the extent Plaintiffs were aware of these compensation packages, (2) to show intent to defraud Plaintiffs by showing that they were paid less than their colleagues, (3) to put Plaintiffs' compensation in context within the company, and (4) show how much similarly situated employees were compensated. |
| **Defendant's MIL #2** | Defendant's MIL #2 is DENIED because although Plaintiffs cannot be |

1

Case No. 16-CV-00135-LHK
ORDER ORDER RE: DEFENDANT'S MOTIONS IN LIMINE AND MOTION TO BIFURCATE PUNITIVE DAMAGES

| | |
|---|---|
| **(ECF No. 91):** Motion to exclude evidence of the value of stock options | awarded benefit of the bargain or expectation damages, evidence of the value of Plaintiffs' stock options is relevant for other purposes, such as Plaintiffs' reasonable reliance on the fraudulent concealment and the measure of reliance damages. |
| **Defendant's MIL #3 (ECF No. 90):** Motion to Exclude Testimony About Salaries of Employees of Similar Skill | Defendant's MIL #3 is DENIED to the extent Plaintiffs' and Erdman's proposed lay opinion testimony about compensation for people with resumes and skills similar to Plaintiffs is based on their personal experience. As far as the Court is aware, Plaintiffs and Erdman have not established that their personal experience reaches to the market generally, but to the few companies where they have worked and have been in positions of hiring people. Therefore, the lay opinion testimony should be tailored to those experiences and the reasonable inferences that can be derived from those experiences and not generalized to the marketplace as a whole. |
| **Defendant's MIL #4 (ECF No. 93):** Motion to Exclude Testimony of Thomas Erdman | Defendant's MIL #4 is DENIED to the extent it seeks to exclude all testimony from Thomas Erdman. Erdman was Plaintiffs' coworker at TeleNav and had a critical role in Defendant's acquisition of their TeleNav division. Defendant hired Erdman and Plaintiffs at the same time. It is apparent that Erdman went through similar experiences as Plaintiffs and was subject to many of the same alleged misrepresentations and actions constituting concealment. His testimony is relevant as specific proof of the treatment of Plaintiffs and in showing a pattern or practice of actions towards the former employees of TeleNav. Erdman's testimony, however, must be elicited through the establishment of a proper foundation as to each point made, must comply with Federal Rule of Evidence 701 to the extent Erdman seeks to provide a lay opinion, and must comply with the rule against hearsay and its exceptions.<br><br>Defendant's MIL #4 is GRANTED to the extent Plaintiffs seek to elicit testimony from Erdman about his lawsuit against Defendant pursuant to Federal Rule of Evidence 403. |
| **Defendant's MIL #5 (ECF No. 86):** Motion to Exclude Emotional Distress Damages | Defendant's MIL #5 is DENIED because emotional distress damages are available for intentional torts such as Plaintiffs' fraudulent concealment claim. |
| **Defendant's MIL #6 (ECF No. 88):** Motion to Exclude Evidence of Reliance Damages | Defendant's MIL #6 is DENIED because Plaintiffs propose sufficient evidence such that there is a "reasonable certainty" that damages occurred. However, absent an exception to the rule against hearsay, the solicitation letters sent to Plaintiffs may not be offered for the truth of the matter asserted. Plaintiffs argue that the number of solicitation letters shows that there was a high demand for Plaintiffs in the job market. However, the existence of the letters could only create the inference that there is a high demand in the job market if the factfinder accepts the contents of the solicitation letters as true, that is, accepts |

2

Case No. 16-CV-00135-LHK
ORDER ORDER RE: DEFENDANT'S MOTIONS IN LIMINE AND MOTION TO BIFURCATE PUNITIVE DAMAGES

| | | |
|---|---|---|
| | | that the recruiter or entity sending each letter was seeking to fill a position with Plaintiffs. Therefore, to introduce these letters Plaintiffs must show that an exception to the rule against hearsay applies or that the solicitation letters are being offered for a non-hearsay purpose. |
| | **Defendant's MIL #7 (ECF No. 89):** Motion to Exclude Testimony of Alissa Vickery | Defendant's MIL #7 is DENIED because Alissa Vickery's testimony is relevant. |
| | **Defendant's MIL #8 (ECF No. 84):** Motion to Exclude Value of Chen's eDriving Stock | Defendant's MIL #8 is DENIED. Federal Rule of Evidence 701's advisory committee notes indicate that courts may allow lay opinion testimony about the value of companies from an owner or officer of the business. Defendant has failed to show that the asserted valuations are too speculative. With respect to the documentary hearsay objection, Chen asserts that he will be able to authenticate the document under the business record exception to the rule against hearsay. |
| | **Defendant's MIL #9 (ECF No. 85):** Motion to Exclude Kasitz's and Lamb's Representations | Defendant's MIL #9 is DENIED because Lamb's and Kasitz's representations are relevant, at the very least, to Plaintiffs' reasonable reliance on Defendant's alleged fraudulent concealment and to whether Plaintiffs are excused from performing their obligation to "work together" to establish performance criteria. |
| | **Defendant's Motion to Bifurcate Trial (ECF No. 92)** | Defendant's Motion to Bifurcate is DENIED. Bifurcation of the trials will not save time because bifurcation may require the reading of two sets of preliminary and final jury instructions to the jury, two sets of opening statements and closing arguments, two sets of examinations of the same witnesses, and two sets of jury deliberations. Defendant will not be prejudiced by a single trial because Defendant's financial information is relevant to reasonable reliance and mitigation of damages, and thus may be introduced during the liability phase trial. Judicial economy favors a single trial. Any risk of confusion of the issues can be cured with jury instructions. Moreover, Defendant's decision to wait until the pretrial conference after failing to raise the issue of bifurcation at the six case management conferences that have been scheduled in the instant case since the beginning of 2016 weighs against bifurcation. |

**IT IS SO ORDERED.**

Dated: May 4, 2017

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

3

Case No. 16-CV-00135-LHK
ORDER ORDER RE: DEFENDANT'S MOTIONS IN LIMINE AND MOTION TO BIFURCATE PUNITIVE DAMAGES